UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MARTIN JAMES VAN ANTWERP, and JEFFERY J. MORAN, | ) ) ) | Civ. 11-4141-KES |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE |
| ROBERT DOOLEY, | ) ) | |
| Defendant. | ) | |

    Plaintiffs, Martin James Van Antwerp and Jeffery J. Moran, move to proceed in forma pauperis in their pro se civil rights lawsuit against defendant. Van Antwerp and Moran ask that the court order Mike Durfee State Prison to implement a mail log system, deliver mail to inmates on the day it comes into the prison, and order the mailroom to "become more careful with [their] mail." Docket 1 at 4-5. Van Antwerp asserts that on one occasion, a religious newsletter he receives was cut when prison staff used a letter opener to cut open the newsletter. *Id.* at 5. Parts of the newsletter were missing. *Id.* Van Antwerp asserts that on another occasion he wrote to a pen pal service, but that the three first-class stamps he included in the letter were missing when the service received it. Moran alleges that he received a letter containing news of a family member's death three days late. *Id.* at 4. According to Moran, he should have received the letter in question on a Saturday because the mail generally takes about three days to get to his

mother, but he did not receive it until the following Tuesday. *Id.* Neither Van Antwerp nor Moran specify how these incidents or Mike Durfee State Prison's current mail handling policy violate their constitutional rights.

    The Prison Litigation Reform Act (PLRA), 28 U.S.C. 1915, requires prisoners to make an initial partial filing payment where possible, even if in forma pauperis status is sought. "When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations omitted). Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Van Antwerp has indicated that the average monthly deposits to his account equal $5, and that his average monthly balance is a *negative* $2.78. Thus, Van Antwerp must make an initial payment of $1, which is equal to 20 percent of $5. Moran has indicated that the average monthly deposits to his account equal $22.33 and that his average monthly balance is $15.99. Thus, Moran must make an initial partial payment of $4.47, which is equal to 20

percent of $22.33. Accordingly, Van Antwerp's and Moran's respective motions to proceed in forma pauperis are granted.

But the inquiry does not end there. The PLRA also requires this court to "screen" Van Antwerp and Moran's complaint to determine whether it should be dismissed. Section 1915 provides an action must be dismissed if the court determines the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In assessing whether a plaintiff has failed to state a claim upon which relief may be granted, the court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995).  Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir. 1985). *Twombly*  requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, No. 06-4142, 2008

WL 283693 (8th Cir. Feb. 4, 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Van Antwerp and Moran's complaint fails to state a claim upon which relief may be granted. To state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted). Even applying the liberal construction necessary accorded to pro se complaints, Van Antwerp and Moran have failed to allege that either the actions or policies of defendant have violated their constitutional rights. Thus, their claim is subject to dismissal under § 1915 for failure to state a claim upon which relief may be granted.

Despite the dismissal of their case pursuant to the screening procedures of § 1915, Van Antwerp and Moran are still obligated to pay the filing fee. *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the

case is eventually dismissed. *In re Tyler,* 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Accordingly, it is

ORDERED that Van Antwerp's and Moran's respective motions to proceed in forma pauperis (Docket 3, 5) are granted. **Van Antwerp must make an initial payment of $1 and Moran must make an initial partial payment of $4.47 before November 21, 2011, made payable to the Clerk, U.S. District Court.** The institution having custody of plaintiffs is directed that whenever the amount in plaintiffs' trust accounts exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to plaintiff's trust account will be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full. Plaintiffs are advised the fee for filing this civil action is $350, and they remain fully responsible for the fee.

IT IS FURTHER ORDERED that Van Antwerp and Moran's complaint is dismissed pursuant to 28 U.S.C. § 1915.

Dated October 20, 2011.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              CHIEF JUDGE